IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:16-cr-00011 |
| v. ) | |
| ) | By:  Elizabeth K. Dillon |
| KIMBERLY A. AVERY ) | United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Kimberly A. Avery's motion for early termination of supervised release.  (Dkt. No. 51.)  The government filed a response on June 8, 2021, indicating that it does not oppose Avery's motion.  (Dkt. No. 53.)  Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Avery's motion, which will be granted.

I.  BACKGROUND

On July 28, 2011, Avery was convicted of carnal knowledge of a minor child 13 to 15 years old and sentenced to a term of imprisonment in the Circuit Court for County of Augusta.  As a result, Avery was required to register as a sex offender under the sex offender registration and notification act (SORNA).  Between 2011 and 2015, Avery completed multiple sex offender registration forms.

However, on September 29, 2015, a probation officer prepared a major violation report for Avery, citing her for multiple violations, and she admitted to multiple violations of her state probation.  The report further stated that Avery failed to report for a scheduled appointment on September 29, 2015, and that her whereabouts were unknown.

On November 4, 2015, USMS investigators in the Southern District of Texas conducted an interview of Avery.  During the interview, Avery stated she was tired of being labeled as a monster and that she absconded because she wanted to live a normal life.  An interview with the person with whom she was traveling, indicated that they traveled together from state to state and that Avery did

not register because she knew she would be arrested. He also stated that Avery wanted to abscond because she was not the monster she was being made out to be.

On February 23, 2016, Avery was charged by criminal complaint with failure to register as a sex offender in violation of 18 U.S.C. § 2250. Avery was indicted by a grand jury soon after, on March 10, 2016. On May 4, 2016, she pled guilty to the indictment, and on September 1, 2016, Avery was sentenced to 15 months imprisonment and five years of supervised release. Avery began supervision on May 12, 2017. Her supervision is scheduled to terminate on May 11, 2022.

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early

termination. *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

In support of her motion, Avery states that she hopes to be released from her final year of supervision due to a significant amount of travel she has planned during the next year. This includes trips to visit Avery's daughter, who is expecting her first child, Avery's father in North Carolina who is in poor health, additional family members that Avery has not seen due to COVID, and to speak at engagements and training for Avery's ministry. Avery next states that she has been cooperative with her probation officer, completed the sex offender treatment plan, and passed all evaluations. The government confirms Avery's account, stating that she has done well on supervision, passed all her polygraphs, completed treatment, and maintained compliance according to probation.

Avery's commendable performance on supervised release demonstrates that specific deterrence is no longer served by further supervision. The need for general deterrence is also minimal because Avery has only ten months left on her five-year term of supervision. The court recognizes that Avery's offense, failure to register as required by SORNA, is a serious offense. In Avery's favor, however, she is involved in volunteer ministry work for an organization that assists women affected by incarceration. (May 18, 2021 Letter from Rev. Terrie Sternberg, Dkt. No. 51-1.) Thus, it appears that Avery has reformed her behavior and is having a positive effect in the community. Based on the history and characteristics of the defendant and that continued supervision no longer promotes the goals of deterrence, the court will grant Avery's motion.

III. CONCLUSION

For the foregoing reasons, the court will grant Avery's motion for early termination of

supervised release (Dkt. No. 51) and issue an appropriate order.

Entered: July 22, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge